UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STEPHEN EARL BROOKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE DISHONORABLE JUDGES ) <br> OF THE UNITED STATES ) <br> DISTRICT COURT OF ) <br> TENNESSEE AT KNOXVILLE, et ) <br> al., ) <br> ) <br> Defendants. | 3:25-CV-524 |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff has filed a Complaint [Doc. 2] along with a Motion for Leave to Proceed *in forma pauperis* [Doc. 1]. Plaintiff has also filed a Motion for Extension of Time [Doc. 7] asking the Court to grant him additional time to file a deposition and objections to any motions to dismiss in this case.[1] This matter is now before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. For reasons set forth below, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** and his request for an extension of time is **DENIED**. Additionally, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** and **FURTHER RECOMMENDS** that Plaintiff be declared a vexatious litigant.

**I.     MOTION TO PROCEED IN FORMA PAUPERIS**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*,

---

[1] This pleading also contains extensive factual allegations related to Plaintiff's claims in this case. As such, and given Plaintiff's *pro se* status, the Court will also treat the factual information contained in this pleading as a supplement to Plaintiff's Complaint.

490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Application to Proceed Without Prepayment of Fees [Doc. 1] is **GRANTED**. The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.** When a Plaintiff is proceeding *in forma pauperis,* district courts are required to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. This screening process requires that the Court consider the facts alleged by a plaintiff in conjunction with applicable law.

II. MOTION FOR EXTENSION OF TIME

Before undertaking the required screening of Plaintiff's complaint, the Court will first consider Plaintiff's request for additional time to file a deposition and respond to any motions to

dismiss filed in this case.[2] Plaintiff asserts that he needs until March 2, 2026 to "get a deposition before the court" to permit him to find someone to assist him in preparing the deposition because he has a learning disability due to a traumatic brain injury. [Doc. 7, p. 6]. While Plaintiff's Motion is difficult to follow, it appears he is asking for additional time to mount a defense to motions to dismiss which he anticipates will be filed in accordance with the Order Governing Motions to Dismiss [Doc. 5] entered in every civil case filed in this district.

First, the Court notes that depositions are part of the discovery process and no order on discovery and scheduling has been entered in this cause so no deadline has been set for the completion of depositions. Additionally, even when depositions are conducted, deposition transcripts are prepared by a court reporter, not a party, and are generally only filed in support of a motion for some type of relief and not as a stand-alone pleading in a case. Further, no motions to dismiss have been filed in this case. Because Plaintiff's Motion for Extension of Time [Doc. 7] is premature, it is **DENIED**. The Court will now undertake the required screening process as to Plaintiff's Complaint.

### III. SCREENING OF PLAINTIFF'S COMPLAINT

As an initial matter, the Court notes that Plaintiff's complaint [Doc. 2], the exhibit thereto [Doc. 2-1], and Plaintiff's Motion for Extension [Doc. 7] total 122 pages[3] and are quite difficult to decipher. These pleadings contain a laundry list of allegations, and it appears much of the information included is irrelevant to Plaintiff's present complaints, but instead was provided as background information to provide additional context to the events that directly gave rise to the allegations. As best the Court can determine, Plaintiff alleges that Robert Logan Devereaux, Ph.D. made untrue statements about him that resulted in Dr. Devereaux obtaining an order of protection against him. Plaintiff further alleges that the

---
[2] While this motion was filed as a separate document, it contains multiple pages identical to those in Plaintiff's Complaint along with numerous pages of factual allegations and printouts of previous court orders.
[3] These pleadings include multiple copies of the same pages of medical documentation and excerpts from the report generated following a medication risk assessment that Plaintiff underwent at Behavioral Medicine Institute at Pain Consultants of East Tennessee in 2022, a copy of the results of a drug screen defendant took in July 2023, and information regarding the Sixth Amendment found on the internet, in addition to the information and materials contained in Plaintiff's Motion to Extend.

Fourth Circuit Court acted improperly in issuing the order of protection. Plaintiff asserts that he is entitled to a trial on the allegations he made against Dr. Devereaux, Dr. Martha Jane Smith, and the Fourth Judicial District Circuit Court (sic), which he also notes he alleged in other cases filed previously in this district that have been dismissed. *See Brooks v. United States District Court Knoxville, TN*, 3:25-cv-22 (E.D. Tenn. 2025); *Brooks v. Devereaux*, 3:24-cv-369 (E.D. Tenn. 2024). Plaintiff contends that by dismissing these claims the United States District Court for the Eastern District of Tennessee, United States Magistrate Judge Jill McCook, United States District Judge Charles Atchley, and United States District Judge Katherine A. Crytzer have violated his Fifth, Sixth, Seventh, Ninth and Fourteenth Amendment rights. The Court will address each category of allegations Plaintiff has made in turn.

### A. Allegations against the United States District Court for the Eastern District of Tennessee at Knoxville, United States Magistrate Judge Jill McCook, United States District Judge Charles Atchley, and United States District Judge Katherine A. Crytzer

Plaintiff contends that the United States District Court for the Eastern District of Tennessee (the "District Court"), Magistrate Judge McCook, District Judge Atchley, and District Judge Crytzer have violated his Fifth Amendment right to due process; his Sixth Amendment right to a trial, including the right to confront witnesses against him, and to the effective assistance of counsel; his Seventh Amendment right to a jury trial in civil lawsuits; and his right to equal protection under the Fourteenth Amendment, asserting that he was discriminated against because of his educational disability and socioeconomic status.[4] Plaintiff's basis for these claims is that his previous lawsuits filed in this district were dismissed, referring specifically to *Brooks v. Devereaux*, No. 3:24-cv-369-CEA-JEM (E.D. Tenn. 2024), which was dismissed by Judge Atchley based upon a report and recommendation issued by Judge McCook and *Brooks v. United States District Court Knoxville, TN*, 3:25-cv-22 (E.D. Tenn. 2025), which

---

[4] While Plaintiff also references the Ninth Amendment, he does not provide any specific allegations of how his Ninth Amendment rights have been violated.

was dismissed by Judge Crytzer based upon a report and recommendation issued by the undersigned.[5] In further support of his allegations, Plaintiff cites to the Court's denial of his request for appointed counsel to represent him in his cases before the Court. Additionally, Plaintiff appears to indicate that Judge Crytzer acted inappropriately when she formally warned Plaintiff that "future frivolous litigation will result in Plaintiff being deemed a vexatious litigant subject to prefiling restrictions." *Brooks v. United States District Court Knoxville, TN*, 3:25-cv-22, ECF Doc. 28, p. 5 (E.D. Tenn. 2025).

In addressing these claims, the Court first observes that the District Court is not a proper party to this suit. "Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "A waiver of sovereign immunity must be "unequivocally expressed" in a statute. *Id.* Plaintiff has not identified, nor has the Court located, any statute which waives the federal judiciary's sovereign immunity. Accordingly, Plaintiff has failed to establish a viable claim against the District Court.

Turning to Plaintiff's claims against Judges Atchley, Crytzer, and McCook, clearly established precedent grants federal judges absolute immunity from civil liability for damages if the actions complained of were taken within the scope of their judicial responsibilities. *Alexander v. Mitchell Carter*, No. 1:15-cv-69-HSM-SKL, 2018 WL 1124959 at *4-5 (E.D. Tenn. Mar. 1, 2018); *see, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). The only instances when judicial immunity can be overcome is when a judge was not acting in his or her judicial capacity, or when they were acting in the absence of jurisdiction. *Mireles*, 502 U.S. at 11–12. Here, in alleging that Judges Atchley, Crytzer, and McCook have violated his rights, Plaintiff has not alleged that they lacked jurisdiction over his claims. Moreover, the only actions of Judges Atchley, Crytzer, and McCook about which Plaintiff

---

[5] Although, as previously stated, Plaintiff's pleadings are quite difficult to decipher, and despite the undersigned previous involvement in cases brought by Plaintiff, Plaintiff did not name the undersigned as a defendant in this matter.

complains relates to the dismissal of his previously filed complaints, the denial of his motions to appoint counsel, and a warning being issued to him that he would be declared a vexatious litigant if he did not avoid future frivolous filings. These actions are the type that judges are called upon routinely to take in their judicial capacity, and Plaintiff has failed to demonstrate otherwise. As such, Plaintiffs claims against Judges Atchley, Crytzer, and McCook are barred by judicial immunity and cannot proceed.

### B. Allegations against Tennessee Court of Appeals and Judges W. Neal McBrayer, D. Michael Swiney, and Arnold B. Goldin

Plaintiff names the Tennessee Court of Appeals and Tennessee Court of Appeals Judges W. Neal McBrayer, D. Michael Swiney, and Arnold B. Goldin as defendants in this action but then fails to provide any specific facts to support his claim that the Court of Appeals and named appellate judges engaged in wrongdoing. Despite the length of Plaintiff's pleadings, these defendants are only specifically mentioned when Plaintiff is naming them as defendants. The only other information contained in Plaintiff's pleadings that could apply to these defendants is a vague assertion by Plaintiff that all the named courts and judges have denied him his constitutional rights. However, without any specific facts to support this broad assertion, the Court is left to speculate about the nature of Plaintiff's contentions against these defendants. The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, the Court finds that Plaintiff's allegations against the Tennessee Court of Appeals and Judges McBrayer, Swiney and Goldin are so threadbare that they may not proceed beyond the screening stage.

### C. Allegations against Magistrate Richard Majors, Judge Gregory McMillan, Clerk of Court Mike Hammond, and the Fourth Circuit Court[6]

Plaintiff's complaints against Magistrate Majors, Judge McMillan, Clerk of Court Hammond, and the Fourth Circuit Court appear to be a repeat of the claims he asserted against these defendants in *Brooks v. Devereaux*, No. 3:24-cv-369-CEA-JEM (E.D. Tenn. 2024) and *Brooks v. United States District Court Knoxville, TN*, 3:25-cv-22 (E.D. Tenn. 2025). In summary, Plaintiff alleges that these defendants violated his Sixth Amendment right to a fair trial because Dr. Robert Devereaux was granted an order of protection against Plaintiff despite Plaintiff being unable to appear for the hearing on Dr. Devereaux's petition for protective order because he was hospitalized. While Plaintiff does not reference 42 U.S.C. § 1983 in his pleadings, in liberally construing Plaintiff's pro se complaint, the Court will construe Plaintiff's claims against Magistrate Majors, Judge McMillan, Clerk of Court Hammond, and the Fourth Circuit Court as § 1983 claims. 42 U.S.C. § 1983 creates a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

First, "a state and its agencies are immune from an action for damages or injunctive relief unless immunity is validly abrogated by Congress or expressly waived by a state. *Howard v. Commonwealth of Virginia*, 8 F. App'x 318, 319 (6th Cir. 2001). "A state court is an arm of the state, entitled to Eleventh Amendment immunity." *Id.* As with the District Court, Plaintiff has not

---

[6] Plaintiff's claims against these defendants as well as those against Dr. Devereaux and Dr. Smith are all likely barred by *res judicata* and the applicable statute of limitations. However, given that Plaintiff is proceeding *pro se* and that the Court is recommending that Plaintiff be declared a vexatious litigant, the Court found it appropriate to address the claims on the merits.

identified a statute, nor is the Court aware of one, which waives this state court's sovereign immunity. Accordingly, sovereign immunity bars Plaintiff's claim against the Fourth Circuit Court.

As for Plaintiff's claims against Magistrate Majors, Judge McMillan, and Clerk of Court Hammond, the Sixth Amendment guarantees the right to a fair and speedy public trial by an impartial jury and the right to confront witnesses by the accused in all *criminal* prosecutions. U.S. Const. Amend. VI. "[T]he Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011). In Tennessee, obtaining an order of protection is a civil proceeding. *Gibson v. Bikas*, 556 S.W.3d 796, 807 (Tenn. Ct. App. 2018) ("[T]he instant action seeking an order of protection is a civil proceeding."). Additionally, the Seventh Amendment "right to a trial by jury in civil actions is not applicable to trials in state courts." *Howkins v. Czarnecki*, 142 F. 3d 434 (6th Cir. 1998) (table). As such, Plaintiff's Sixth and Seventh Amendment rights did not apply to the order of protection proceedings against him. Plaintiff has failed to identify "any rights, privileges, or immunities secured by the Constitution and laws" of which he was deprived by these defendants. Accordingly, his claims against Magistrate Majors, Judge McMillan, and Clerk of Court Hammond must fail.[7]

### D. Allegations against Dr. Robert Devereaux and Dr. Martha Jane Smith

As with the claims against Magistrate Majors, Judge McMillan, and Clerk of Court Hammond, Plaintiff's complaints against Dr. Devereaux and Dr. Smith are the same ones he made

---

[7] "Even if Plaintiff's state case were of a criminal nature, his claims would be barred by *Heck v. Humphrey*, wherein the Supreme Court stated that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). Here, Plaintiff claims that he did not receive a fair and open trial, and that Judge McMillan violated his rights by refusing to set aside the order of protection. There are no allegations that Plaintiff's order of protection has been reversed. Indeed, the allegations suggest otherwise. [Doc. 13 p. 2]. Thus, to the extent his order of protection could be considered a criminal proceeding, it is barred by *Heck*. *See Benanti v. Lewin*, No. 3:19-CV-237, 2019 WL 13249467, at *2 (E.D. Tenn. July 16, 2019) (dismissing the complaint that alleged the plaintiff did not receive a fair trial during the screening process as barred by *Heck*); *Nixon v. Doherty*, No. 5:18-CV-1099, 2018 WL 4539394, at *2 (N.D. Ohio Sept. 21, 2018) (dismissing the complaint at the screening process because the "plaintiff's success on any § 1983 claim that he was deprived of federal rights and 'not given a fair, impartial trial' in his Portage County criminal cases would necessarily imply the invalidity of his state convictions")." *Brooks v. Devereaux*, 3:24-cv-369, [Doc. 14, p. 7].

against them in *Brooks v. Devereaux*, No. 3:24-cv-369-CEA-JEM (E.D. Tenn. 2024) and *Brooks v. United States District Court Knoxville, TN*, 3:25-cv-22 (E.D. Tenn. 2025).[8] In sum, Plaintiff was receiving treatment in February 2022 at Pain Consultants of East Tennessee where Dr. Devereaux and Dr. Smith were employed. Pain Consultants of East Tennessee discharged Plaintiff as a patient, asserting that Plaintiff was short on a pill count. Plaintiff contends that a pill count was never conducted. Regardless, Plaintiff was apparently unhappy with this turn of events and attempted to contact Dr. Devereaux regarding his discharge. Eventually, Dr. Devereaux sought and obtained an order of protection against Plaintiff prohibiting Plaintiff from contacting him further.[9] Plaintiff argues that the statements Dr. Devereaux made to the court when he obtained the order of protection are false and that Dr. Smith aided Dr. Devereaux in making these false statements.

In making his allegations against Drs. Devereaux and Smith, Plaintiff does not clearly state what claims he wishes to bring against them but merely states that they made false statements against him. As such, the Court is once again left to speculate as to the nature of any claims that Plaintiff is asserting against them. As noted above, the Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The Court must find that any claims that Plaintiff was attempting to assert against Drs. Devereaux and Smith are also so threadbare that they may not proceed. Further, even if adequate factual support had been provided, any state law claims Plaintiff was attempting to bring against Drs. Devereux and Smith (such as for falsifying medical records or defamation), would be outside this Court's jurisdiction because he has asserted no claim under federal law and has not provided facts to support the Court exercising diversity jurisdiction.[10]

---

[8] The alleged facts supporting Plaintiff's claims against these defendants are primarily included in Plaintiff's Motion for Extension. [Doc. 7].
[9] This order of protection is the same one that serves as the basis for Plaintiff's claims against Magistrate Majors, Judge McMillan, and Clerk of Court Hammond.
[10] Claims arising under state law may be heard in federal court where they comply with the requirements of diversity of citizenship jurisdiction set forth in 28 U.S.C. § 1332. For diversity jurisdiction to be employed, there must be complete diversity between the parties, meaning "no plaintiff is a citizen of the same state as any defendant." *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

## IV. PLAINTIFF AS A VEXATIOUS LITIGANT

In addition to evaluating the allegations at hand, the Court is compelled to address Plaintiff's litigation history within this district. Not including the action at hand, Plaintiff has filed 17 other cases in the district, all of which have been dismissed. *See Brooks v. Sharp,* 3:08-cv-396 (E.D. Tenn. 2009) (dismissed as frivolous at the screening stage); *Brooks v. Sharp*, 3:08-cv-445 (E.D. Tenn. 2009) (dismissed for failure to prosecute after Plaintiff failed to respond to show cause order); *Brooks v. Swann*, 3:10-cv-283 (E.D. Tenn. 2010) (dismissed at screening stage for failure to state a claim upon which relief may be granted and jurisdictional deficiencies); *Brooks v. Swann, et al.,* 3:10-cv-291 (E.D. Tenn. 2011) (dismissed at screening stage for failure to state a claim upon which relief may be granted and jurisdictional deficiencies); *Brooks v. 4th Circuit Court Knox County,* 3:10-cv-362 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Elrod*, 3:10-cv-363 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Swann*, 3:10-cv-364 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. LaVassure,* 3:10-cv-365 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Harber*, 3:10-cv-366 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Lindsay-McDaniel*, 3:10-cv-367 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Sharp*, 3:10-cv-368 (E.D. Tenn. 2010) (dismissed at screening stage as frivolous and malicious); *Brooks v. Netherlands Insurance, et al.*, 3:13-cv-5 (E.D. Tenn. 2013) (dismissed at screening stage for jurisdictional deficiencies); *Brooks v. Hofmann*, 3:13-cv-278 (E.D. Tenn.) (dismissed for failure to state a claim upon which relief may be granted upon motion by the defendant); *Brooks v. Medstar Health Solution*, 3:22-cv-389 (E.D. Tenn. 2023) (dismissed at the screening stage for lack of jurisdiction); *Brooks v. Smelyansky*, 3:24-cv-1 (E.D. Tenn. 2024) (dismissed at the screening stage for lack of jurisdiction); *Brooks v. Devereaux*, 3:24-cv-369 (E.D. Tenn. 2024) (dismissed with prejudice at screening stage for jurisdictional deficiencies and failure to state a claim upon

which relief may be granted); and *Brooks v. United States District Court Knoxville, TN*, 3:25-cv-22 (E.D. Tenn. 2025) (dismissed with prejudice at screening stage with a warning to Plaintiff that further frivolous litigation will result in him being deemed a vexatious litigant subject to prefiling restrictions).

Of the 17 previous cases Plaintiff has filed in this district, all but two have been dismissed at the screening stage and even the two that made it past the screening stage were dismissed in the early stages of litigation. Moreover, nine of these cases have been specifically found to be frivolous and/or malicious. Of additional note and as referenced above, many of the allegations contained in Plaintiff's complaint in this matter are merely a restatement of the allegations Plaintiff made in *Brooks v. Devereaux*, 3:24-cv-369 (E.D. Tenn. 2024) and *Brooks v. United States District Court Knoxville, TN*, 3:25-cv-22 (E.D. Tenn. 2025), both of which were dismissed with prejudice at the screening stage.

It is well-settled that a court has the authority to restrict litigants from repeatedly filing frivolous matters without first obtaining the court's permission. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Jones v. Kolb*, 91 F. App'x 367, 369 (6th Cir. 2003). The Sixth Circuit has specifically determined that restricting such parties from filing documents without the court's prior approval is an appropriate means of addressing the potential waste of judicial resources caused by litigants who have engaged in a pattern of frivolous filings. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998).

Given Plaintiff's documented history of frivolous and duplicative filings, his history of failing to comply with applicable law and court procedures and the fact that he was previously warned that further frivolous filings would result in him being declared a vexatious litigant, the undersigned is compelled to recommend that Plaintiff be enjoined from making further filings in this district without obtaining prior approval. In making this recommendation, the undersigned has determined that there is no other means of addressing the issue of Plaintiff's frivolous filings which will be adequate to prevent Plaintiff from committing further waste of judicial resources.

## V. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] be **DISMISSED with prejudice**. The undersigned **FURTHER RECOMMENDS** that Plaintiff be declared a vexatious litigant and that he be enjoined from making further filings in the United States Court for the Eastern District of Tennessee without obtaining prior approval. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d at 263 and pursuant to the district court's policy regarding the process for seeking to have a litigant declared vexatious.[3]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).